**In the Matter of Oliver PLUNKETT Monica Plunkett, Debtors.**

**STATE of Wisconsin, Plaintiff,**

v.

**Oliver PLUNKETT, et al., Defendants.**

**Bankruptcy No. 82–01119.**

United States Bankruptcy Court, E. D. Wisconsin.

May 4, 1982.

Stephen L. Morgan, Madison, Wis., for plaintiff.

Donald A. Schoenfeld, Habush, Habush & Davis, S.C., Milwaukee, Wis., for debtors.

### ORDER DENYING REMOVAL

CHARLES N. CLEVERT, Bankruptcy Judge.

The application before the court, filed on April 27, 1982, seeks removal of a civil action commenced by the Commissioner of Securities of the State of Wisconsin against the above-named Chapter 11 debtors and thirty-eight other defendants (*State of Wisconsin v. Oliver Plunkett et al*, Milwaukee County Circuit Court, Case No. 580725,) filed on April 13, 1982, two days before the

debtors filed Chapter 11 petitions in this court. In *State v. Plunkett* the Commissioner of Securities is seeking relief from violations of the Wisconsin Uniform Securities Law, Chapter 551, Wis.Stat. Such relief includes: (a) injunctions restraining further violations of Chapter 551, Wis.Stat.; (b) orders requiring the defendants to obtain orders of registration or exemption prior to the offer or sale of securities; (c) injunctions enjoining dissolution of entities or dissipation of assets; (d) recission of all unlawful securities transactions and return of proceeds to investors; (e) the appointment of a receiver for the assets of Oliver Plunkett, Real Estate Resources, Inc. and the other named defendants; (f) orders requiring an accounting and production of documents with respect to assets of the defendants. On April 13, 1982, Milwaukee Circuit Court Judge Gary Gerlach granted a temporary injunction restraining the defendants from violating Chapter 551, Wis. Stat., the dissolution of corporate or partnership entities, and the sale or encumbrances of any property or any actions tending to dissipate the value of the assets or interests in property of the partnership or investors named in the complaint. According to the removal applications, the Commissioner's motions for the appointment of a temporary receiver and the entry of a temporary injunction were scheduled to be heard by Judge Gerlach on April 15, 1982, but the court suspended the hearing upon the filing of the Chapter 11 petitions by the Plunketts and Real Estate Resources, Inc. The only issue before this court is whether or not the lawsuit commenced by the Commissioner of Securities in state court may be removed.

 "The removal jurisdiction of federal courts is derived entirely from the statutory authorization of Congress.... [And] removal statutes are strictly construed against removal." [Citations omitted] *Libhart v. Santa Monica Dairy*, 592 F.2d 1062, 1064 (9th Cir. 1978) (referring to the removal provisions of 28 U.S.C. § 1441). Conse-

quently, the State of Wisconsin may not waive the jurisdictional requirement of § 1478 as was offered in its removal application.

Section 1478 of Title 28 U.S.C., provides: (a) A party may remove any claim or cause of action in a civil action, other than a proceeding before the United States Tax Court or a civil action by a Government unit's police or regulatory power, to the bankruptcy court for the district where such civil action is pending, if the bankruptcy courts have jurisdiction over such claim or cause of action.

(b) The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

 Subsection (a) of the statute expressly prohibits the removal of a civil action by a government unit under its police or regulatory powers. And since courts have duly recognized that the purpose of Chapter 551, the Wisconsin Uniform Securities Law, is to protect the public from fraudulent or deceptive practices in securities transactions through enumerated regulations. See, *Colonial Bank & Trust v. American Bankshares*, 442 F.Supp. 234, 237 (E.D.Wis.1977); *State v. Woodington*, 31 Wis.2d 151, 181–182, 142 N.W.2d 810 (1960), none of the claims or causes of action within *State v. Plunkett et al*, can be removed to this court.

Although this court has concluded that it lacks removal jurisdiction to consider alleged prepetition violations of Wisconsin Uniform Securities Law by the Chapter 11 debtors, no opinion is being rendered as to whether the Securities Commissioner's actions should be stayed notwithstanding the exception to the automatic stay (11 U.S.C. § 362(a)) provided by 11 U.S.C. § 362(b).[1]

 The court is likewise expressing no opinion as to whether the Securities Com-

---

1. 11 U.S.C. § 362(b) provides that:

(b) The filing of a petition under section 301, 302, or 303 of this title does not operate as a stay—

missioner has other causes of action or claims within the jurisdiction of the court. See, *In re Unit Parts Company*, 7 Bankr.Ct. Dec. (C.R.R.) 432, 4 Collier Bankr.Cas.2d 145 (M.B.), 9 B.R. 380 (Wests) (Bkrtcy.W.D. Okla.1981).[2] However, it should be noted that upon the filing of a petition under Title 11 of the U.S. Code, the bankruptcy court obtains *exclusive jurisdiction* "of all the property, wherever located, of the debtor, as of the commencement of such case." 28 U.S.C. § 1471(e), and that a nonbankruptcy court might not be able to provide a full range of relief. Furthermore, the extent to which an action pursued in the valid exercise of the state's police or regulatory power might frustrate or prove to be inconsistent with the goals of Title 11 or the bankruptcy court's exclusive jurisdiction over the debtor's property must be considered on a case by case basis in matters properly before the court to stay that action.

For the foregoing reasons,

IT IS ORDERED that *State of Wisconsin v. Oliver Plunkett, et al*, Case No. 580725 be and the same hereby is remanded to Milwaukee County Circuit Court.

* * * * * *

(4) Under subsection (a)(1) of this section, of the commencement or continuation of an action or proceeding by a governmental unit to enforce such governmental unit's police or regulatory power;

The legislative history of 362 provides in part that:

The court has ample other powers to stay actions not covered by the automatic stay. Section 105, of proposed title 11, derived from Bankruptcy Act § 2a(15), grants the power to issue orders necessary or appropriate to carry out the provisions of title 11. The bankruptcy courts are brought within the scope of the All Writs Statute, 28 U.S.C. 1651 (1970), and are given the powers of a court of law, equity, and admiralty (H.R. 8200, § 243(a), proposed by 28 U.S.C. 1481). Stays or injunctions issued under these other sections will not be automatic upon the commencement of the case, but will be granted or issued under the usual rules for the issuance of injunctions. By excepting an act or action from the automatic stay, the bill simply requires that the trustee move the court into action, rather than requiring the stayed party to request relief from the stay. There are some actions, enumerated in the exceptions, that generally should not be stayed automatically upon the commencement of the case, for reasons of either policy or practicality. Thus, the court will have to determine on a case-by-case basis whether a particular action which may be harming the estate should be stayed. H.R.Rep.No.95–595, 95th Cong., 1st Sess. 342 (1977), U.S.Code Cong. & Admin.News 1978, pp. 5787, 6298; See also, 124 Cong.Rec. H11092 (daily ed. September 28, 1978); 124 Cong.Rec. S17409 (October 6, 1978).

2. The bankruptcy court found that while claims for wages pending before the NLRB were not removable, the court nonetheless had jurisdiction to liquidate the claims of the NLRB.